IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>IZZY AND LIV, LLC,<br><br>        Defendant. | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Izzy and Liv, LLC ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is a New York Corporation with a principal place of business at 793 Broadway, New York, New York 10003.

3. Upon information and belief, Defendant is a domestic corporation operating a principal place of business at 437-E State Route 34, Matawan, New Jersey 07747.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

7. Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection. Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video, including the celebrated photographer Joe Pugliese, whose work, a portrait of Oprah Winfrey, is at issue in this litigation.

8. On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes. In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

9. Plaintiff is, as exclusive licensee, the beneficial owner of the copyrights in and to

the photographic work at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

10. The Copyrighted Work is an original work of authorship.

11. Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work.

12. Plaintiff licenses the Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

13. Plaintiff has obtained registrations with the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit B is a copy of the certificates for registration obtained from the United States Copyright Office.

**B.   Defendant's Unlawful Activities**

14. Within the last three years, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

15. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of a derivative work, and publicly displayed, without Plaintiff's authorization, at Defendant's website, screenshots of which are attached hereto as Exhibit C.

16. Upon information and belief, Defendant located the Copyrighted Work on the Internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages to attract users to visit and remain at Defendant's website for commercial purposes of generating revenue, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

17. Defendant's infringement did not begin and end with the first publication of the Copyrighted Work of Plaintiff on Defendant's website because Defendant stored the Copyrighted Work on computer servers and computer systems and machines owned by Defendant where, in the last three years, the Copyrighted Work was reproduced, distributed, and publicly displayed by Defendant each time computer users in New Jersey, and elsewhere, viewed Defendant's infringing webpages. In order for computer users to view the Copyrighted Work on monitors located in New Jersey, Defendant had to reproduce digital copies of the Copyrighted Work from its servers and then distribute the digital copies through the Internet to the computer monitors and display screens where the Copyrighted Work was then publicly displayed without Plaintiff's authorization.

18. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

19. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work is without Plaintiff's authorization.

20. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work is knowing and willful and in reckless disregard of Plaintiff's copyrights in that Defendant, knew or should have known it needed a license to use Plaintiff's Copyrighted Work, knew or should have known it did not have a license to use Plaintiff's Copyrighted Work and deliberately used the Copyrighted Work without a license.

C.  **Discovery of Defendant's Unlawful Activity**

21. Plaintiff discovered these infringements after diligently searching the Internet for uses of Plaintiff's Copyrighted Works. Plaintiff's diligent efforts to discover these infringements include Plaintiff engaging a third-party technology company over the years to search the Internet

for unlawful use of Plaintiff's copyrighted works. Plaintiff engages different image search services concurrently to routinely search the Internet for uses of Plaintiff's copyrighted works because none of these companies are able to locate every use of Plaintiff's copyrighted works on the Internet and each has offered different findings over the years. Plaintiff believes these companies are not able to find every use of Plaintiff's copyrighted works on the Internet because the Internet is such an enormous expanse of data points. It has been reported that there are 3.2 billion to 5 billion photos uploaded to the Internet every day, which on the low end comes to 1.68 trillion per year. Upon information and belief, there are more photos uploaded to the Internet every day than these search companies can process in a year. Accordingly, not every search by Plaintiff discloses every unlawful use of Plaintiff's copyrighted works. Plaintiff is thus not surprised that the diligently conducted searches more than three years prior to discovery did not disclose Defendant's use of the Copyrighted Work but searches conducted more recently did disclose Defendant's infringements.

22. The failure to discover these infringements sooner occurred not due to a lack of reasonable effort by Plaintiff but due to the vast amount of data on the Internet to be search and the inability of the technology currently available on the market to locate in a few searches every infringing use of photographs in Plaintiff's catalogue. Plaintiff understands and believes that it is not, and should not, be considered at fault for not discovering these infringements sooner than it did.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Work is an original work of authorship, embodying

copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

26. Upon information and belief, as a result of the public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

27. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative work, and publicly displaying the Copyrighted Work at the infringing website.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display,

advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 30, 2023

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
43 W. 43rd Street
Suite 275
New York, New York
10036-7424

*Attorney for Plaintiff*
*August Image, LLC*